IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-10982 |
| | ) | |
| Robinson Oldham, | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |
| Debtor. | ) | |

**MOTION TO VACATE ORDER GRANTING DISGORGEMENT OF FEES AND RESPONSE TO TRUSTEE'S MOTION FOR CONTEMPT**

**INTRODUCTION**

Now comes The Romano Law Firm and Joseph M. Romano (collectively "Romano"), and hereby respectfully moves this Court to vacate the Order Granting Trustee's Motion for Disgorgement of Attorney Fees filed October 16, 2008 (docket #71) (the "Order"), and responds to the November 12, 2008 Motion for Contempt Filed by Trustee Craig H. Shopneck (docket #74) set for hearing on December 2, 2008 (the "Contempt Motion"). The disgorgement of fees is unjust and inequitable under the circumstances, and thus the Contempt Motion has no merit.

**LAW AND ARGUMENT**

**The Order Disgorging Attorneys' Fees Should Be Vacated, And Thus The Contempt Motion is Baseless.**

Pursuant to Federal Rule of Civil Procedure 60(b), this Court may relieve a party or party's representative from an order due to "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." See *id* at 60(b)(1) and (6); see also *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003). The circumstances in this case warrant such relief.

The Chapter 13 Trustee filed a Motion to Disgorge Fees (docket #69) because a Fee Application for fees earned prior to filing was not timely re-filed after the hearing held on July 15, 2008 on The Romano Law Firm's Application for Compensation. At that hearing, Attorney

David B. Stearns withdrew the Firm's Application for Compensation. Unaware of this Court's prior ruling that a Fee Application was required to be filed in every Chapter 13 case, regardless of whether the case confirms or dismisses, Attorney Stearns withdrew the Application. Next, on September 5, 2008, the Trustee filed his Motion to Disgorge Fees. However, due to a server breakdown Romano did not receive any filings from this Court's ECF/CM system. Accordingly, Romano did not respond as it never received the Trustee's Motion to Disgorge Fees. The motion was granted unopposed, and the Order was entered on October 16, 2008. On November 12, 2008 the Trustee filed his Motion For Contempt.

Romano should be permitted to refile the Application for Fees in this case. Had Romano received the Motion For Disgorgement, Romano would have replied to that Motion while simultaneously filing the Application for Fees. Since this Court's ruling that a Fee Application is to be filed in every Chapter 13 for cases in which the Rights and Responsibilities is not filed, it has been the *modus operandi* of Romano. The Oldham case would have been no different.

Romano has moved this Court to vacate its Order of disgorgement. Hearing is set for December 16, 2008 on that matter. In light of the extraordinary reason stated for not having responded to the original motion (for disgorgement), Romano was clearly unaware of the Motion at the time it was filed. Had it received notice it would have responded. When this server/e-mail problem was corrected, members of the ECF Help Desk informed Romano that it would be impossible to retrieve the e-mails that the Court sent in the week Romano's server was not receiving e-mails.

Furthermore, as the fees earned in this case amount to $2,599.32 (See, Fee Application) it would be inequitable to have counsel return the $500.00 obtained pre-petition. This Court should take into consideration that the case was dismissed for lack of appearance of the Debtor at

the 341 Meeting of Creditors hearing. Additionally, the Debtor's failure to communicate with counsel made it difficult for counsel to perform its duties in prosecuting the Debtor's case. Although, Debtor did not uphold his contractual duties by failing to appear to the 341 Meeting of Creditors, it would be inequitable to disgorge fees obtained pre-petition in prosecution of the Debtor's case because of the Debtor's own failures to comply with this Court, and then only to have those funds returned to Debtor.

Therefore, The Romano Law Firm moves this court to vacate the Order and permit counsel to retain fees obtained pre-petition and allowance to file an application for additional consideration.

## **CONCLUSION**

WHEREFORE, The Romano Law Firm prays this Court vacate it's Order and allow The Romano Law Firm to file its Application for Compensation of Attorney Fees.

Respectfully Submitted,

THE ROMANO LAW FIRM

/s/ Joseph M. Romano
Joseph M. Romano (0074709)
50 Public Square
400 Terminal Tower
Cleveland, OH 44113
216 - 621 - 7777
216 - 621 - 7780 (fax)

## CERTIFICATE OF SERVICE

    A copy of the foregoing Motion To Vacate Order Granting Disgorgement Of Fees and Response To Trustee's Motion For Contempt was sent electronically on this 25th day of November, 2008, upon the following parties:

Craig Shopneck, Chapter 13 Trustee
electronically at **ch13shopneck@ch13cleve.com**

/s/ Joseph M. Romano
Joseph M. Romano (0074709)
THE ROMANO LAW FIRM